O

# United States District Court
# Central District of California

| | |
|---|---|
| FERIDOON ASLANI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN BERNARDINO, et al.,<br><br>　　　　　Defendants. | Case № 5:19-cv-02224-ODW (ADSx)<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT AND DENYING AS MOOT MOTION TO FILE FIRST AMENDED COMPLAINT [11]** |

## I.　INTRODUCTION & BACKGROUND

On November 20, 2019, Plaintiff Feridoon Aslani, proceeding pro se, filed a Complaint under 42 U.S.C. § 1983, alleging that, on November 14, 2017, San Bernardino County police officers unlawfully detained and arrested him. (Compl., ECF No. 1.) On April 2, 2020, during screening of the Complaint, the Court dismissed the Complaint and granted Plaintiff leave to file a First Amended Complaint by May 4, 2020. (ECF No. 7.) Plaintiff did not timely amend, and on May 6, 2020, the Court ordered Plaintiff to show cause why the case should not be dismissed for failure to prosecute and failure to obey court orders. (ECF No. 8.) Plaintiff did not respond, and on December 30, 2020, the Court dismissed the action, both for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Rule")

41(b) and for failure to comply with a court order pursuant to the Court's inherent powers. (Order Dismissing Action, ECF No. 9.) The Court noted Plaintiff's extensive, repeated delays in prosecuting this case and determined that there was "no less drastic sanction available as the Court has warned Plaintiff multiple times that the case would be dismissed." (Order Dismissing Action 3.) The Court entered a Judgment of dismissal. (J., ECF No. 10.)

Nine months later, on September 15, 2021, Plaintiff moved to set aside the judgment and file a First Amended Complaint. (*See* Mot.) Plaintiff's Motion is unopposed, and unsurprisingly so, as no Defendant was ever served.

About a month before Plaintiff filed the Motion at issue, on August 9, 2021, Plaintiff filed a separate Complaint based on the exact same events, and the action was assigned to this Court under Case No. 5:21-cv-01333-ODW (ADSx), where it proceeded in a manner uncannily similar to these proceedings. Just as happened in this action, Magistrate Judge Spaeth dismissed Aslani's Complaint and provided Aslani with two weeks' leave to amend. (Order Dismissing Compl., ECF No. 6 in 5:21-1333.) When Aslani failed to respond, Magistrate Judge Spaeth ordered Aslani to show cause why the case should not be dismissed. (Order Show Cause, ECF No. 7 in 5:21-1333.) Then, on November 18, 2021, Aslani requested an extension of time to file a First Amended Complaint. (Req., ECF No. 8 in 5:21-1333.) Judge Spaeth granted the request, extending Aslani's deadline to December 14, 2021. (Min. Order re: Req., ECF No. 10 in 5:21-1333.) Then, on December 14, 2021, Aslani again requested an extension of time to file a First Amended Complaint. (Second Req., ECF No. 11 in 5:21-1333.) Magistrate Judge Spaeth denied the request, finding that Aslani did not provide the required information regarding good cause to extend the deadline. (Min. Order Den. Pl.'s Req., ECF No. 13 in 5:21-1333.) The Court accepted Judge Spaeth's recommendation and issued an Order of dismissal that provided in relevant part:

In his unsworn objections, Plaintiff explains for the first time why he failed to respond to Magistrate Judge Autumn D. Spaeth's prior orders and why he needs more time to file a First Amended Complaint. First, Plaintiff explains that he has developed a phobia after his arrest that makes it difficult for him to explain things in writing. Second, he explains that he has contracted a helicobacter pylori infection that causes him to lose focus and concentration. Third, Plaintiff explains he has had limited access to the self-help center in Riverside, California.

The Court is unpersuaded by Plaintiff's objections. Judge Spaeth gave Plaintiff three separate opportunities to file a First Amended Complaint over a span of nearly two months. (*See* Dkt. No. 6-7, 10.) Judge Spaeth warned Plaintiff each time that failure to comply with court orders may result in a recommendation that his case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). Despite these opportunities and repeated admonitions, Plaintiff failed to file a First Amended Complaint and failed to explain why he needed more time to do so. Plaintiff may not disregard court orders then ask for leniency after it has been recommended that his case be dismissed for failure to prosecute and comply with court orders.

The Court acknowledges that this is not Plaintiff's first time failing to do so. In a strikingly similar case, the Court also issued a screening order dismissing his complaint for failure to state a claim for relief. *See Aslani v. San Bernardino Cnty.*, No. 5:19-02224 ODW (ADS) (C.D. Cal. Apr. 2, 2020). After failing to respond to the screening order, Judge Spaeth ordered Plaintiff to show cause why that case should not be dismissed for failure to prosecute or comply with court orders. Plaintiff had failed to respond, and the case was dismissed accordingly.

*Aslani v. San Bernardino County ("Aslani I")*, No. 5:21-01333-ODW (ADSx), 2022 WL 356025, at *1 (C.D. Cal. Feb. 7, 2022).

## II.  LEGAL STANDARD

Rule 60(b) grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise, or excusable neglect." This Rule gives district courts power to vacate judgments "whenever such action is appropriate to accomplish justice." *U.S. v. Sparks*, 685 F.2d 1128, 1130 (9th Cir. 1982).

3

"[A]mending a judgment after its entry remains an extraordinary remedy which should be used sparingly." *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 480 F. Supp. 3d 1000, 1015 (N.D. Cal. 2020) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)).

### III. DISCUSSION

In his Motion, Aslani makes the same arguments and assertions Magistrate Judge Spaeth considered in recommending that dismissal of Aslani's later-filed case (5:21-01333) was warranted. Aslani describes to the Court how his health problems have hindered his ability to prepare an amended pleading and asks for additional time. (Mot. 2.) Yet, Aslani makes no attempt to describe, even in broad terms, how he intends to amend his Complaint, or the date by which he expects he can do so. It also bears observing that Aslani did not move to set aside the Judgment in this matter until a full nine months after this Court issued it. Aslani's motion lacks any indication that the next nine months will prove any more fruitful than the two years that have already passed since these proceedings began.

Enough is enough. The procedural history set forth above makes clear that, between this case and his later-filed case, Aslani has had sufficient opportunity to amend. Aslani's "delayed responses and deficient responses ha[ve] again interfered with the public's interest in the expeditious resolution of this case, ha[ve] hindered the Court's ability to manage its docket, and ha[ve] presumptively prejudiced the defendants. [Aslani's] *pro se* status does not excuse his failure to comply with court orders." *Aslani I*, 2022 WL 356025, at *1 (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

///
///
///
///
///

## IV.   CONCLUSION

For the foregoing reasons, Aslani's Motion to Set Aside Judgment is **DENIED**. (ECF No. 11.)  As a result, Aslani's Motion for Leave to File a First Amended Complaint is **DENIED AS MOOT**.  (ECF No. 11.)

**IT IS SO ORDERED.**

February 25, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**